UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-0090 JAM |
| Plaintiff, | |
| v. | ORDER |
| ANTONIO NICHOLAS SMITH, | |
| Defendants. | |

On September 22, 2016, this matter came on for hearing regarding defendants' discovery motion (ECF Nos. 28 and 31)[1]. Assistant United States Attorneys Timothy Delgado and Justin Lee appeared for the government. Sean Riordan and Lexi Negin appeared for defendant Moore, and Shari Rusk appeared for defendant Smith. Upon review of the filings, arguments of counsel, the court's in camera review of various documents,[2] and good cause appearing, IT IS HEREBY

---

[1] In addition to the motion, defendant Moore filed a request with the court for a Rule 17(c) subpoena duces tecum. At the hearing, Mr. Riordan confirmed that he had copied the government on the subpoena requests, allowing the court and the parties to discuss the requests during the hearing. Although Mr. Moore has now been dismissed from this action, Mr. Smith has filed an identical request for Rule 17(c) subpoenas. This order therefore addresses both the Rule 17(c) subpoena requests and the discovery motion.

[2] Prior to the hearing on September 22, 2016, the Court ordered the government to provide the Court with a copy of the Stockton Police Department reports surrounding Officer Morales'

1

ORDERED that defendant's motion for discovery is DENIED, but its request for Rule 17(c) subpoenas is GRANTED, in part.

### A. Procedural Background

On March 6, 2016, defendants Moore and Smith were arrested by Stockton police officers. Each defendant was charged with being a felon in possession of a firearm and other offenses, and booked into the San Joaquin County Jail. On April 15, 2016, ATF Special Agent Matthew Garrett swore out a federal criminal complaint, charging Smith and Moore with being felons in possession of a firearm (18 U.S.C. § 922(g)) and illegal possession of a machine gun (26 U.S.C. § 5845(b)). ECF No. 1. After the state charges were dismissed, both defendants were brought into federal custody and detained. ECF No. 5. On April 28, 2016, the grand jury returned an Indictment against both defendants. ECF No. 14.

On September 9, 2016, defendant Moore filed a motion to dismiss the Indictment against him. ECF No. 34. That motion was granted by Judge Mendez on September 23, 2016. ECF No. 45. Thus the only remaining defendant is defendant Smith, and his trial is set for October 17, 2016. ECF No. 21.

### B. Factual Allegations[3]

On March 6, 2016, Stockton Police Officer Miguel Morales, while on routine patrol in a fully marked police vehicle, observed a tan Mercedes (California license plate 7NOC200) fail to come to a complete stop at a posted stop sign at the intersection of (eastbound) Stanfield Drive at Chauncy Circle in Stockton, California. Officer Morales also ran the vehicle license plate number, and found that there was no record on file.

---

shooting of Rodney Watts on April 13, 2016. The government provided 151 pages of reports, ex parte, which the Court has reviewed.

[3] The court takes the statement of facts from the criminal complaint, sworn under penalty of perjury. ECF No. 1.

2

Officer Morales activated his vehicle's emergency lights and attempted to conduct a traffic stop on the Mercedes. The vehicle failed to yield, and the driver attempted to evade the officer. The vehicle continued northbound on Appling Circle before turning westbound onto Battleview Place. The vehicle continued westbound on Battleview making a right turn onto Appling Circle. The vehicle continued eastbound then southbound approaching Stanfield Drive. The vehicle turned eastbound onto Stanfield Drive. Officer Morales observed that a tan colored bag with red straps was passed from the driver to the passenger of the vehicle. Officer Morales observed the vehicle gain speed and attempt to pass another vehicle traveling in front of them. The Mercedes travelled into the oncoming traffic lane and almost collided with another vehicle that was traveling westbound on Stanfield. Officer Morales activated his siren, and the driver of the Mercedes continued his attempt to evade the Officer. At that time, Officer Morales observed the Mercedes lose control and collide with two other vehicles that were parked on the northwest corner of Chapel Hill Circle and Stanfield Drive.

The passenger, later identified as Antonio Smith, fled from the vehicle with the tan bag. Smith looked at the officer, threw the bag to the ground, and ran into a residential backyard at 2214 Stanfield Drive. Officer Morales made contact with the driver of the vehicle, later identified as Danado Moore, and took him into custody.

Officer Morales secured the tan 'tote'-style bag that had been thrown by Smith and observed that it contained a black pistol with an attached drum magazine. Officer Todd Valone responded to the location and arrested Smith at 3242 Stanfield Drive.

Approximately five weeks later, on April 13, 2016, Officer Morales shot and killed Rodney Watts, during an alleged attempted carjacking. ECF No. 28 at 3.

**C.   Legal Framework**

The Due Process Clause of the Constitution requires the United States to disclose

3

information favorable to the accused that is material to either guilt or to punishment.  In <u>Brady v. Maryland</u>, the Supreme Court explained that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). In <u>Giglio v. United States</u>, the Supreme Court extended the prosecution's disclosure obligation to evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory. <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150, 153 (1972) ("When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule" (citation omitted)); <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985) ("Impeachment evidence, however, as well as exculpatory evidence, falls within the <u>Brady</u> rule"); <u>Kyles v. Whitley</u>, 514 U.S. 419, 437 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police").

Fed.R.Crim.P. Rule 16 provides that the government must provide the defense with "photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control" and if "the item is material to preparing the defense." Fed.R.Crim.P. 16(a)(1)(E) (I). The rule "triggers the government's disclosure obligation only with respect to documents within the federal government's actual possession, custody or control." <u>United States v. Gatto</u>, 763 F.2d 1040, 1048 (9th Cir.1985); <u>see</u>, <u>e.g.</u>, <u>United States v. Plunk</u>, 153 F.3d 1011, 1028 (9th Cir.1998) ("However, while the prosecution must disclose any <u>Brady</u> information within the possession or control of law enforcement personnel, it has no duty to volunteer information that it does not possess. As a general matter, information beyond that contained in the

government's files is not subject to the strictures of Brady." (quotation marks and citations omitted)), opinion amended on other grounds on denial of rehearing, 161 F.3d 1195 (9th Cir.1998), cert. denied, Plunk v. United States, 526 U.S. 1060, (1999).

In United States v. Dominguez–Villa, 954 F.2d 562 (9th Cir.1992), the court held that although state law enforcement personnel were involved in the underlying federal criminal investigation, that fact alone did not make their personnel files "under the control of," or "in the possession of" the federal prosecutor.

### D.  Discovery At Issue

Broadly speaking, the defense is seeking materials regarding Stockton Police Officer Morales.  It appears that Officer Morales will be the primary witness against the defendant at trial, and the defendant seeks materials that may impeach his credibility.[4]

The government avers that the materials the defendant seeks are not within its possession or control, but that it will comply with its Brady/Giglio obligations. To expedite matters given the impending trial date, and as this court is currently considering both the discovery motion and the Rule 17(c) subpoena duces tecum requests, the court will address all the requests below.  To the extent the materials are not within the custody or control of the government, the court will authorize the issuance of Rule 17(c) subpoenas such that the materials will be delivered to the undersigned for in camera review.  The court will issue a further order after its review of the submitted materials.

1. Any and all Stockton Police department incentive programs in place in March of 2016, including but not limited to programs that offer benefits to police officers for gun-related arrests and for getting guns off the streets.

---

[4] The defendant avers that although Officer Morales was equipped with a body camera, there is no video capturing the events. ECF No. 28 at 4.  The defendant characterizes Officer Morales' credibility as "a central issue in the case." Id.

The court agrees that if any incentive programs were in effect at the time of Officer Morales' arrest of the defendant, the defendant would be entitled to such information.[5] Because the material is not within the custody or control of the government, the defendant's motion for this material is DENIED.  However, as the court finds this material potentially relevant, the court has authorized the requested Rule 17(c) subpoena seeking such material.

> 2. Any and all "quota" programs or policies for the Stockton Police Department in place in March of 2016.

As with the previous request, the court concludes that if such a program were in effect when Officer Morales arrested the defendant, the defendant would be entitled to know about the program and its details.   The defendant's motion for this material is DENIED as the material is not in the custody or control of the government, but the court has GRANTED the requested Rule 17(c) subpoena seeking such material.

> 3. Materials relating to any and all training attended by Officer Miguel Morales during his employment at the Stockton Police Department, including but not limited to training agendas, training materials, and training manuals.

To the extent that the defendant wishes to test Officer Morales' credibility and his adherence to procedure and protocol, the court finds that a record of the trainings he has attended may be relevant.  As the government avers that the training materials are not within its custody or control, the motion to compel will be DENIED. The court finds that such materials may be obtained via a Rule 17(c) subpoena, although the court concludes that the request as drafted is overbroad and burdensome.  Thus the court will limit the Rule 17(c) subpoena to reflect only a list of the training classes and has authorized a Rule 17(c) subpoena as modified.

---

[5] Of course, as with all evidence, it will be up to the trial judge to determine whether such evidence, if it exists, is admissible.

   4. Any and all rules or policies pertaining to Officer Miguel Morales' duties as a police officer.

The government avers that such materials are not within its custody or control. Thus the motion to compel will be DENIED. Further, the court concludes that a Rule 17(c) subpoena for this materials should not issue as the request is overbroad and vague. This request is DENIED.

   5. Any and all employee or officer handbooks or materials that apply to Officer Miguel Morales that were issued by the Stockton Police Department.

The government avers that such materials are not within its custody or control. Thus the motion to compel will be DENIED. Further, the court concludes that a Rule 17(c) subpoena for this materials should not issue as the request is overbroad and vague. This request is DENIED.

   6. Any and all protocols for investigations of on-duty officer shootings.

The government avers that such materials are not within its custody or control. Thus the motion to compel will be DENIED. Further, the court concludes that a Rule 17(c) subpoena for these materials should not issue for the reasons set forth below. This request is DENIED.

   7. Investigative reports regarding Officer Morales and the shooting of Rodney Watts on April 13, 2016.

The defendant argues that the investigative reports surrounding the shooting of Rodney Watts should be disclosed as they may provide information to test Officer Morales' credibility, ability to perceive, and judgment. Further, the defendant argues that as Officer Morales may face federal investigation and/or prosecution for the shooting, Officer Morales may have an incentive to curry favor with the federal prosecutors. But whether or not that is true, putting aside the issue of whether or not the trial court would permit such inquiry or argument, this court does not find disclosure of the investigative reports to be warranted. The motion to compel the investigative materials is DENIED; the request for a Rule 17(c) subpoena for these materials is DENIED; and

the 151 pages of investigative reports previously provided to the court for in camera review will be filed under seal on the court's docket.

IT IS SO ORDERED.

Dated: September 27, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE